The opinion of the Court was delivered by
'O’Neall, J.
In this case we think the motion ought to be granted.
The entry in the book of the 9th of January, 1855, was in relation to the entries debited and - credited to the former marshal, clerk and treasurer, and the balance struck against him of two hundred and fifty-two dollars and seventy-two cents. Underneath that, but without date, was the receipt of the defendants’ principal, Bell, the marshal, clerk, and treasurer, in his official character.
This was enough prima facie, to charge the defendants, his sureties, as for money received by him after he was rightfully in office. In the Treasurers vs. Bates, 2 Bail. 362, it was ruled that the admissions of the sheriff after he went out of office, that he had received the money while in office, was enough to charge the sureties. Surely an admission such as this entry., made in the official character of the marshal, treasurer and clerk, must have the same effect.
But I hold if he received the money before he gave the bond, it made him debtor to the Town Council for that sum, and on giving bond, it was properly chargeable to him, as so much money in his hands, as the officer of the corporation, *174 and that Ms sureties are liable for the same. Joyner vs. Cooper, 2 Bail. 199.
The motion is granted.
Wardlaw, Withers, Whither, Glover and Muhro, JJ., concurred.

Motion granted.